# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trial Film LLC, *et al.*, | No. CV-21-00984-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Wu Daoai, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Default Judgment (Doc. 24, Mot.), which is unopposed. Plaintiffs properly served Defendants, against whom the Court already has issued first a Temporary Restraining Order and then a Preliminary Injunction prohibiting further copyright infringement on Plaintiffs' protected works, freezing certain accounts and locking the infringing websites operated by Defendants to show the infringing materials. (Doc. 20.) Despite receipt of proper service of summons, Complaint and attendant motions, Defendants never appeared or defended in this matter, and the Clerk of Court properly entered default as against them on July 29, 2021. (Doc. 22.) Plaintiffs now seek default judgment.

Plaintiffs' Motion is adequately supported by their Memorandum setting forth an analysis of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Court finds those factors fall in favor of a default judgment, although not for as great an amount as Plaintiffs seek. The Court easily finds Plaintiffs would be prejudiced unfairly absent default judgment, as they have appropriately asserted and pursued their claims in

the Court. The merits of Plaintiffs' claims, unopposed as they are, appear plainly upon their pleading and are supported by the materials attached to the TRO and PI Motions. The Complaint is sufficient to state the infringement claims. The Court sees no possibility of a dispute of the material facts underlying the infringement claims as Defendants have not answered or objected, and that failure to appear or answer is not due to excusable neglect, as service was achieved according to the Court's Order. (Doc. 16.) The only *Eitel* factor standing against entry of default judgment is the Court's preference for determination of matters on the merits rather than on procedural bases, but if Defendants voluntarily and with notice of the action absent themselves from the litigation, and the remainder of the factors counsel in favor of default judgment, such judgment is appropriate and justified, and default judgment shall issue here.

The only remaining *Eitel* factor for the Court to discuss is the sum of money at stake in the action, as Plaintiffs submit that they "elect[] to receive maximum statutory damages of $150,000 against each Defendant for a total of $600,000 for Defendants' infringement of the Work." (Mot. at 10.) Plaintiffs' basis for this award is the language of the operative statute, 17 U.S.C. § 504(c). But the statute provides that $150,000 is the maximum penalty as against an infringer if elected, not the assured penalty: it provides that

> [i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of **not more than** $150,000.

17 U.S.C. § 504(c)(2)(emphasis supplied). And the Court does not find that Plaintiffs have substantiated a volume of infringement necessary to sustain the maximum statutory amount. At the same time, the Court recognizes that the precise number of instances of infringement is unknowable without access to Defendants' own records, and after concluding that Plaintiffs have shown Defendants, and each of them, was willful in their infringement of the Work, applies a reasoned approximation of infringement activity. Upon that basis the Court finds justified an award of statutory damages of $75,000 as against

- 2 -

each Defendant, for a total of $300,000 in statutory damages. On the same basis, the Court concludes that statutory damages of $15,000 as against Defendant Niu for his additional violation of the DMCA with respect to the Work, having found that Niu knowingly and intentionally violated 17 U.S.C. § 1202(a)(1). And Plaintiffs have justified attorneys' fees in the amount of $19,637.50 and taxable costs of $886.70, as set forth in detail in their Motion.

The Court will lift the automatic stay that otherwise would delay execution on the judgment for 30 days pursuant to Rule 62(a), Fed. R. Civ. P., finding that, as Defendants have refused to participate in the proceedings at any juncture, the further delay that would occur by ordinary operation of Rule 62 will simply delay termination of the action. Finally, the Court will enter permanent injunctive relief as against Defendants' infringing activities on the same terms as it ordered the Preliminary Injunction.

**IT IS ORDERED** granting statutory damages for infringement of the Work in the amount of $75,000 as against each Defendant separately, for a total of $300,000, pursuant to 17 U.S.C. § 504(c)(2).

**IT IS FURTHER ORDERED** granting statutory damages as against Defendant Niu in the amount of $15,000, pursuant to 17 U.S.C. § 1202(a)(1).

**IT IS FURTHER ORDERED** granting attorneys' fees in the amount of $19,637.50 and taxable costs of $886.70, to be assessed jointly and severally as against each Defendant pursuant to 17 U.S.C. § 505.

**IT IS FURTHER ORDERED** that Defendants' financial service provider, PayPal, shall transfer Defendants' assets, to the extent those assets do not exceed the judgment amounts set forth above as to each Defendant, from the respective accounts as set forth herein:

- As to Defendant Wu Daoai: 903757528@qq.com, paypal@61bk.com, wudaoai.com@gmail.com and cfbk@61bk.com.
- As to Defendant Cheng Hsien Yang: jm@house108.com.tw, ppt616543@gmail.com, yang1673@gmail.com.

- As to Defendant Yuan Niu: javettejpy@gmail.com, awsltvcom@gmail.com.

Defendant Doe's—aka "Win Double's"—financial service provider, Alipay, shall transfer Defendant Doe's assets, to the extent they do not exceed the judgment amount set forth above as to Defendant Doe, to Plaintiffs from the following accounts: admin@msyy.cc, simonovboleslav@gmail.com, ouba@qq.com. 96461@qq.com, 964672451@qq.com.

**IT IS FURTHER ORDERED** granting Plaintiffs' Request for a permanent injunction against Defendants. Defendants are enjoined from directly or indirectly infringing Plaintiffs' rights in their motion picture "Infidel" ("the Work"). Defendants shall not reproduce, copy, distribute, upload, or otherwise make the Work available for public distribution, whether through the internet or otherwise, absent express written permission from Plaintiffs. Defendants shall destroy all illegally obtained copies of the Work in their possession, custody, or control, including both electronic files and any copies of the Work transferred onto any physical medium or device. Defendants shall, in the future, refrain from knowingly and willfully using the internet for copying or downloading content in violation of United States copyright law.

**IT IS FURTHER ORDERED** directing NameSilo, LLC, NameCheap, Inc., GoDaddy, LLC, and or the individual registrars holding or listing one or more of the domain names used in conjunction with Defendants' websites in this matter immediately shall transfer those domain names, or any subset of those domain names, to Plaintiffs.

There is no just reason for delay, and therefore this Judgment is entered as final as to the claims of Plaintiffs against Defendants in this case. Pursuant to Rule 62(a), Fed. R. Civ. P., Plaintiffs may execute judgment immediately.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment for Plaintiffs and against Defendants as set forth above, and to terminate this matter.

Dated this 2nd day of November, 2021.

Honorable John J. Tuchi
United States District Judge